## Michael B. Leavitt v. Bruno Kennicott.

1. CONTINUANCE—*After Trial Begun.*—After a jury had been impaneled and the trial begun, counsel for appellant asked for a continuance because of the absence of his client. a material witness. *It was held,* there was no error in refusing to then continue the cause.

2. EVIDENCE—*Instruments Rejected Must be Preserved in a Bill of Exceptions.*—A party seeking to preserve an exception to the rejection of a writing or signature to it, must incorporate the instrument in a bill of exceptions. ·

**Memorandum.**—Assumpsit for labor and services. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

CASE, HOGAN & CASE, attorneys for appellant.

ALLAN C. STORY, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action by appellee to recover damages for having been, as he alleged, wrongfully discharged from the services of appellant. The plaintiff obtained a judgment from which the defendant prosecutes this appeal.

After a jury had been impaneled and the trial begun, counsel for appellant asked for a continuance because of the absence of appellant, a material witness. There was no error in refusing to then continue the cause.

Appellee was properly allowed to testify when the season in this city begun and closed at the theater in which appellee was employed. In the abstract appeared the following:

Q. You filed a bill in chancery ? A. Yes, sir.

Q. That is your signature, isn't it ?

Objection by plaintiff sustained. To which ruling of the court counsel for defendant then and there excepted.

This occurred upon cross-examination of the plaintiff. The question objected to was proper only upon the theory that appellant intended, by introducing the paper it was believed the witness would testify he signed, to impeach the testimony the witness had already given; and this appellant avowed to be his object. The bill or paper concerning which the question was asked, is not shown in the bill of exceptions, and it is therefore impossible for us to say that any-

thing contained therein would have tended in any way to discredit or contradict the plaintiff, or have any bearing upon the case on trial.

The jury were fairly instructed. Some slight errors may have occurred during the trial, but we find none of such gravity or so prejudicial to appellant as to require a reversal of the judgment rendered in this case, and it is affirmed.